Dear Sheriff Cook:
You have requested an Attorney General's opinion on the following issue:
 May a Parish Indigent Defender Board and/or Indigent Defender Attorneys appointed by said Board, have as a criminal defense private investigator an individual who serves as a police officer and employee of a law enforcement agency?
You cite Opinion 95-289 as a basis for the argument against the simultaneous holding of these two positions. In concluding that a police officer could not, at the same time, serve as a member of the indigent defender board, the opinion cited as its authority the incompatibility provisions under LSA-R.S. 42:64 and the declaration of policy under LSA-R.S. 42:61.
More recently, our office has addressed a situation more similar to your query. In Opinion 98-57, it was determined that a chief of police could not work part-time for the local Indigent Defender Board. That opinion relied upon Opinion 95-289 as well as the general provisions and spirit of the dual officeholding laws, LSA-R.S. 42:61 et seq. That reasoning and those same conclusions apply in this instance.
As succently stated in Opinion 98-57, "[l]aw enforcement officers work to find and ultimately help convict criminals. It would pose a conflict of interest to require such a person to take part in the defense of a suspect, possibly causing the destruction of his own work." Employment as both a police officer and an employee of the local Indigent Defender Board is in conflict and, therefore, prohibited as a violation of the dual officeholding laws.
I trust this sufficiently addresses your concerns. If our office may be of further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________ CARLOS M. FINALET, III Assistant Attorney General
RPI:CMF:glb
Date Received:
Date Released:
CARLOS M. FINALET, IIIAssistant Attorney General